United States District Court
Southern District of Texas
**ENTERED**
April 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HARTING Electric Stiftung & Co. KG | § | |
| | § | |
| *versus* | § | Civil Action 4:26−cv−03352 |
| | § | |
| Phoenix Contact GmbH & Co. KG, et al. | § | |

## PATENT CASE ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND SCOPE OF DISCOVERY

The Court issues this Order in preparation for an Initial Case Management Conference set for **July 10, 2026**, at **10:30 AM before Magistrate Judge Yvonne Y Ho** in this patent infringement case. The following is hereby **ORDERED**.

### CERTIFICATE OF INTERESTED PERSONS AND DISLOSURE STATEMENT

Counsel and all unrepresented parties must also file with the Clerk, at least 14 days before the Rule 16 Conference is set, a certificate listing all persons, associations, firms, partnerships, corporations, affiliates, parent corporations, or other entities, including any unincorporated entities such as LLCs or LLPs, that are financially interested in the outcome of this litigation. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities financially interested in the outcome of the litigation are identified during this litigation, an amended certificate must be filed promptly with the Clerk. If an unincorporated entity is named as a party, the certificate must state the citizenship of every member of that entity.

### PROPOSED DATES FOR SCHEDULING ORDER

Proposed dates for the Scheduling Order in this case will be discussed at the conference. The parties are directed to meet and confer in accordance with Federal Rule of Civil Procedure 26(f) and Rule 2-1 of the Rules of Practice for Patent Cases in the Southern District of Texas ("P.R.", available at United States District Court for the Southern District of Texas website, *www.txs.uscourts.gov*) no later than **14 days** before the Initial Case Management Conference. The parties must file no later than **7 days** before the Initial Case Management Conference a "Joint Case Management Plan" ("JCMP") setting forth the information required in P.R. 2-1. The parties also must make a good faith effort to jointly propose Scheduling Order deadlines for this case in accordance with the Patent Case Scheduling Order Template ("Template"), available on the Court's website. The parties may agree to propose to adjust deadlines suggested in the Template. The parties must set forth in the JCMP, in brief, their disagreements, if any, on the schedule and procedures they propose to govern this case.

# DISCOVERY ORDER

At the Initial Case Management Conference, the parties may make requests and/or suggestions to the Court regarding discovery. In furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, the Court issues the following **DISCOVERY ORDER**, which applies in conjunction with the rest of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, and the Rules of Practice for Patent Cases in the Houston Division of the Southern District of Texas absent further order of the Court:

1. **Disclosures.** In conjunction with disclosures under FED. R. CIV. P. 26(a), each party must disclose to every other party the following information no later than fourteen (14) days before the Initial Case Management Conference (unless an alternative deadline is agreed to by the Parties):

   (a) the correct names of the parties to the lawsuit;

   (b) the name, address, and telephone number of any potential parties;

   (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

   (e) any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

   (f) any settlement agreements relevant to the subject matter of this action; and

   (g) any statement of any party to the litigation.

2. **Additional Disclosures.** Each party must provide to every other party the following information:

   (a) the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in the Scheduling Order;

   (b) to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, within 6 weeks after the Initial Case Management Conference or the date the Scheduling Order is issued by the Court, whichever is earlier, without awaiting a discovery request, and subject to the limitations of FED. R. CIV. P. 26(b)(1), a copy of reasonably accessible, nonprivileged documents, data compilations and tangible things in the possession, custody, or control of the party relevant to those additionally pleaded claims or defenses involved in this action; and

(c) within 6 weeks after the production of information under P.R. 3-4(c) and based on information then available, a good faith computation of any category of damages (except attorney's fees) claimed by any party to the action and production of any documents or other evidentiary materials on which such computation is based.

3. **Discovery Limitations.** Discovery is limited in this case to the disclosures described in Paragraphs 1-2 together with that provided for in the Federal Rules of Civil Procedure. The parties may agree to additional discovery or seek relief from the Court to modify these discovery limitations if no agreement can be reached.

4. **Privileged Information.** There is no duty to disclose privileged documents or information.

(a) By the date provided in the Scheduling Order, the parties must exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.

(b) A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting the privilege must file with the Court−within twenty-one (21) days of the filing of the motion to compel−proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

5. **Protective Order.** In accordance with P.R. 2-2 and absent entry of a later Protective Order by the Court, the form Protective Order for use in patent cases (available at the District's website) applies to this case to ensure the confidentiality of parties' materials is maintained. The parties may propose modifications to the form pursuant to P.R. 2-2.

6. **Rules of Practice.** The Federal Rules of Civil Procedure, the District's Local Rules, and the District's Local Patent Rules apply in this case, unless otherwise ordered. The District Local Rules and the Local Patent Rules are available at the District's website.

7. **Discovery Disputes.** Counsel are directed to adhere to procedures of the presiding judge for bringing discovery disputes to the Court's attention.

8. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent Court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

9. **Duty to Supplement.** Pursuant to FED. R. CIV. P. 26(e), after disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures in a timely manner if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Courtesy Paper Copies.** The parties must comply with the presiding judge's procedures for courtesy copies.

11. **Sealed Documents** If a party files a motion, response, reply, or other brief under seal pursuant to the Protective Order, such party shall publicly file a redacted copy within seven (7) days of the sealed filing. Absent Court order otherwise, redacted copies of exhibits to such motions, responses, replies, or other briefs do not need to be filed.

SIGNED at Houston, Texas the 28th of April 2026.

Yvonne Y. Ho
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HARTING Electric Stiftung & Co. KG | § | |
| | § | |
| *versus* | § | Civil Action 4:26−cv−03352 |
| | § | |
| Phoenix Contact GmbH & Co. KG, et al. | § | |

## PATENT CASE SCHEDULING ORDER

It is hereby **ORDERED** that the following schedule and the Rules of Practice for Patent Cases in the Southern District of Texas will apply in this case:

| | | |
|---|---|---|
| 0 | **[Date to be provided by Court]** | **Scheduling Conference** |
| 1 | ***The following time frames are suggestions and parties may agree to alter them as the case requires.***<br><br>[2 weeks after Scheduling Conf.] | **PRELIMINARY INFRINGEMENT CONTENTIONS**<br>Comply with P.R. 3-1 and P.R. 3-2. After this date, it is necessary to obtain leave of court to add and/or amend infringement contentions, pursuant to Patent Rule (P.R.) 3-7.<br><br>**JOIN ADDITIONAL PARTIES OR ADD NEW PATENTS AND/OR CLAIMS**<br>It is not necessary to file a motion to join additional parties before this date. Thereafter, it is necessary to obtain leave of court. |
| 2 | [6 weeks after # 1] | **PRELIMINARY INVALIDITY CONTENTIONS**<br>Comply with P.R. 3-3 and 3-4. After this date, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to P.R. 3-7.<br><br>**INEQUITABLE CONDUCT ALLEGATIONS**<br>Before this date, it is not necessary to file a motion for leave to add inequitable conduct allegations. Thereafter, it is necessary to obtain leave of court to add inequitable conduct allegations. |
| 3 | [2 weeks after # 2] | **EXCHANGE PROPOSED TERMS AND CLAIM ELEMENTS FOR CONSTRUCTION**<br>Comply with P.R. 4-1. |
| 4 | [3 weeks after # 3] | **EXCHANGE PRELIMINARY CLAIM CONSTRUCTIONS AND EXTRINSIC EVIDENCE**<br>Comply with P.R. 4-2. |

| | | |
|---|---|---|
| 5 | [9 weeks after # 2] | **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br>Comply with P.R. 4-3. |
| 6 | [matches # 5] | **AMEND PLEADINGS**<br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. |
| 7 | [21 weeks after Scheduling Conf.] | **DISCOVERY DEADLINE ON CLAIM CONSTRUCTION ISSUES**<br>See P.R. 4-4. |
| 8 | [1 week after # 7] | **TECHNOLOGY TUTORIAL DEADLINE**<br>Provide Court with technology tutorials (optional). |
| 9 | [3 weeks after # 7] | **OPENING CLAIM CONSTRUCTION BRIEF**<br>Comply with P.R. 4-5(a)(1). |
| 10 | [2 weeks after # 9] | **RESPONSIVE CLAIM CONSTRUCTION BRIEF**<br>Comply with P.R. 4-5(a)(2). |
| 11 | [1 week after # 10] | **REPLY CLAIM CONSTRUCTION BRIEF**<br>Comply with P.R. 4-5(a)(3). |
| 12 | [1 week before Markman Hearing] | **JOINT CLAIM CONSTRUCTION CHART**<br>Comply with P.R. 4-5(b) and (c). |
| 13 | [approx. 15 weeks after # 5] | **CLAIM CONSTRUCTION (*MARKMAN*) HEARING at ____:_____ ___.m. at the United States District Court, Courtroom ______, ________________________, Texas.** |
| 14 | [*Markman* ruling within 6 weeks after *Markman* hearing] | **Court's Decision on Claim Construction** (*Markman* Ruling)<br>***(If ruling is late, parties may seek amendment of remaining dates in Scheduling Order.)*** |
| 15 | [4 weeks after *Markman* Ruling (# 14)] | **DEADLINE FOR FINAL INFRINGEMENT CONTENTIONS AND TO AMEND PLEADINGS ON INFRINGEMENT CLAIMS**<br>**NOTE:** Except as provided in P.R. 3-6, if the amendment would affect preliminary or final infringement contentions, a motion must be made under P.R. 3-7 irrespective of whether the amendment is made before this deadline. |
| 16 | [1 week after # 15] | **PRIVILEGE LOGS/WILLFULNESS**<br>Comply with P.R.3-8<br>All parties furnish privilege logs by this date. |

| | | |
|---|---|---|
| 17 | [2 weeks after # 15] | **DEADLINE FOR FINAL INVALIDITY CONTENTIONS AND TO AMEND PLEADINGS ON INVALIDITY CLAIMS.**<br>**NOTE:** Except as provided in P.R. 3-6, if the amendment would affect preliminary or final invalidity contentions, a motion must be made under P.R. 3-7 irrespective of whether the amendment is made before this deadline. |
| 18 | [5 weeks after #17] | **COMPLETION OF FACT DISCOVERY**<br>Written discovery requests are NOT timely if they are served so close to this deadline that under the Fed. R. Civ. P. the response would not be due until after this deadline. |
| 19 | [7 weeks after # 17] | **DESIGNATION OF EXPERTS AND REQUIRED REPORTS OTHER THAN CLAIM CONSTRUCTION AND ATTORNEYSâ€™ FEES**<br>Party with burden of proof (â€œBOPâ€ ) on non-construction and fees issues shall comply with Fed. R. Civ. P. 26(a)(2)(A-C). |
| 20 | [4 weeks after # 19] | **DESIGNATION OF RESPONSIVE EXPERTS AND REQUIRED REPORTS**<br>Party not having BOP on non-construction and fees issues shall comply with Fed. R. Civ. P. 26(a)(2)(A-C). |
| 21 | [4 weeks after # 20] | **COMPLETION OF EXPERT DISCOVERY** |
| 22 | [4+ weeks after # 21] | **DISPOSITIVE AND NON−DISPOSITIVE MOTIONS DEADLINES (INCLUDING DAUBERT MOTIONS)** |
| 23 | [at least 2 weeks before Docket Call] | **JOINT PRETRIAL ORDER AND MOTION IN LIMINE DEADLINE**<br>The Joint Pretrial Order will contain the pretrial disclosures required by Fed. R. Civ. P. Rule 26(a)(3), Local Rules and this Court's procedures. Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to file a Joint Pretrial Order timely may lead to dismissal or other sanction in accordance with the applicable rules. |
| 24 | [18.5 mos. after Scheduling Conf.]<br><br>*To be determined by the Court* | **DOCKET CALL/ FINAL PRETRIAL CONFERENCE**<br>at the United States District Court, Courtroom ______, ________________________, Texas. |

| | | |
|---|---|---|
| 25 | **MEDIATION is REQUIRED prior to Docket Call.**<br><br>*To be determined by the Court* | **MEDIATION TO BE COMPLETED BY THIS DATE**<br>The parties must select a mediator for this case. The parties and mediator must comply with S.D. TEXAS LOCAL RULE 16. |
| 26 | *To be determined by the Court* | **JURY SELECTION AND TRIAL** commences, subject to Court's criminal docket. |

SIGNED on ________________________________, at Houston, Texas.

________________________________
Alfred H. Bennett
United States District Judge