**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| HARTING ELECTRIC STIFTUNG & CO. KG<br><br>Plaintiff,<br>v.<br><br>PHOENIX CONTACT GMBH & CO. KG and PHOENIX CONTACT USA, INC.<br><br>Defendants. | **Civil Action No. 4:26−cv−03352**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

On September 1, 2026, Defendants Phoenix Contact GmbH & Co. KG and Phoenix Contact USA, Inc, along with previously-named Defendant Phoenix Contact Development and Manufacturing, Inc. ("Phoenix Development"), filed a Motion to Dismiss. Dkt. 31. The motion is premised on two main arguments: (1) Plaintiff HARTING Electric Stiftung & Co. KG had not alleged sufficient facts to state a claim for patent infringement, and (2) venue in this District is improper as to Phoenix Development. *Id.*

On September 22, 2026, Plaintiff filed its First Amended Complaint for Patent Infringement. Dkt. 36. This amended pleading (1) adds additional factual details to Plaintiff's patent infringement claims and (2) removes Phoenix Development as a Defendant in this case. *Id.*

While Plaintiff maintains that Defendants' Motion to Dismiss was incorrect on the merits, it should now be denied as moot. Plaintiff filed its First Amended Complaint in accordance with Rule 15(a)(1)(B), and the amended pleading addressed all issues raised by Defendants' Motion to Dismiss. Because "[a]n amended complaint supersedes the original and renders it of no legal

effect," *Hymes v. AmCap Mortgage, Ltd.*, 2019 WL 1748678, at *2 (S.D. Tex. Apr. 18, 2019) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)), "[t]he filing of an amended complaint generally renders pending motions moot." *Stredwick v. Dall. Margarita Soc'y, Inc.*, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012).

Therefore, because Plaintiff's First Amended Complaint not only supersedes its Original Complaint but also adds additional factual detail in response to the specific issues raised by Defendants' motion—even though Defendants' arguments about the sufficiency of the original pleading were unfounded—the pending Motion to Dismiss (Dkt. 31) should be denied as moot.

September 22, 2026

**BECK REDDEN LLP**

By: *s/ Matthew P. Whitley*
Matthew P. Whitley
State Bar No. 24037703
Federal I.D. No. 33589
mwhitely@beckredden.com
Leslie H. Tronche
State Bar No.: 24078681
Federal I.D. No. 1725410
ltronche@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Phone: 713.951.3700
Fax: 713.951.3720

**COVINGTON & BURLING LLP**
Stephen A. Marshall
smarshall@cov.com
Brian R. Nester
bnester@cov.com
Scott C. Burger
sburger@cov.com
One CityCenter, 850 Tenth Street, N.W.
Washington, DC 2001
Telephone: (202) 662-6000

*Counsel for Plaintiff HARTING Electric Stiftung & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5 on September 22, 2026.

*/s/ Matthew P. Whitley*
Matthew P. Whitley